# Griscom et al. v. School District of Abington Township et al.

*Samuel L. Borton,* for plaintiff.

*Harry S. Ambler* and *Samuel H. High,* for defendant.

KNIGHT, P. J., October 19, 1934.—

### Questions involved

1. Was the school district of Abington Township required to advertise for bids, for transporting pupils for the school year of 1934-1935?

2. Was the board of school directors of Abington Township required to award the contract to the lowest bidder?

3. Did the board of school directors of Abington Township abuse its discretion, in refusing to award the contract for transporting pupils, etc., to the lowest bidder?

*Findings of fact*

1. The plaintiffs own real estate, and pay taxes, in the school district of Abington Township, Montgomery County.

2. The defendant, H. Calvin Williams, is a resident of said township, and conducts a public garage therein.

3. The other defendants are the school district of Abington Township, and the officers of the board of school directors of said district.

4. On or about June 5, 1934, Edward S. Ling, superintendent of schools of the school district of Abington Township, invited estimates for the transportation of pupils, and the storage and repair of school buses, for the school year 1934-1935, according to certain specifications, which were enclosed with the invitation to bid.

5. One of these invitations to bid, was sent to the defendant, H. Calvin Williams, and one was sent to William C. F. Schultz, who also owns and operates a public garage in Abington Township.

6. Both Williams and Schultz submitted estimates, or proposals, to perform the services described in the specifications.

7. The following is a schedule of the proposals of Williams and Schultz, as to the principal items covered by the specifications:

| | Williams | Schultz |
|---|---|---|
| Storage of 6 buses......@ | $15.00 per month | $10.00 per month |
| "     Ford  "   ......@ | 10.00 "    " | 6.00 "    " |
| "     dead  "   ......@ | 10.00 "    " | 5.00 "    " |
| Six drivers ...........@ | 15.00 per week | 15.00 per week |
| Extra drivers .........@ | .50 per hour | .50 per hour |
| Repairs to buses........@ | .60 "    " | .50 "    " |

8. On June 20, 1934, the board of school directors for the school district of Abington Township, accepted the bid of Williams, and awarded the contract to him.

9. The bid of Schultz for the storage of buses, is lower than that of Williams for the same service, and the saving to the school district on this item in the course of a year, would be approximately $480, if the Schultz bid were accepted.

10. The Schultz bid is 10 cents an hour lower than the Williams bid, for the services of mechanics in repairing the buses. It is impossible to say what the saving would amount to in the aggregate during the period of the contract, but it would not exceed the sum of $500.

11. Schultz had the contract for transporting pupils, storing and repairing the school buses for several years prior to July 1, 1932. Williams has had the contract from July 1, 1932, during the school years 1932-1933 and 1933-1934.

12. The operation of the school buses has been more satisfactory to the school district, and to the public, under Williams, than it was under Schultz.

13. The buses under the management of Schultz, used over 3,000 gallons more gasoline than under the management of Williams, for the same services, and for the same length of time.

14. The cost of repairs under Williams has been considerably less than the cost of repairs under Schultz, although the buses were older when repaired by Williams.

15. The buses are in better condition today, under the management of Williams, than they were under the management of Schultz.

16. The board of school directors of the school district of Abington Township did not act capriciously, and in disregard of the interests of the taxpayers of the district, in refusing to award the contract to Schultz.

17. The board of school directors of the school district of Abington Township did not abuse its discretion, in awarding the contract here in question, to H. Calvin Williams.

## Discussion

This is a taxpayers' bill, seeking to restrain the school district of the Township of Abington, from awarding a contract for the transportation of pupils, and the storage and repair of school buses.

The bill alleges that the school board "refused to accept the bid of William C. F. Schultz and instead accepted the bid of H. Calvin Williams and in so doing acted capriciously and unlawfully and in violation and disregard of the rights of the complainants."

We have found upon copious evidence, that the school board did not act capriciously, or in disregard of the rights or interests of the complainants, in awarding the contract to Mr. Williams. On the contrary, we are very much of the opinion, that the board used wise discretion, and good business judgment, in acting as it did.

We have yet to consider if the board acted unlawfully, in the sense that it violated some statutory duty imposed upon it.

There are sections of the School Code of May 18, 1911, P. L. 309, which require that contracts for certain specific school purposes shall be let to the lowest responsible bidder. See sections 617, 706, 707 and 708 of the code.

An examination of these sections shows that the services contemplated in the contract now before us do not come within the provisions of the law requiring school directors to award contracts to the lowest responsible bidder. The school board, then, could have awarded the contract without soliciting bids, being responsible only for the exercise of its best judgment, and for good faith in performing its public trust. If, after soliciting bids, the board awarded the contract to one whose bid was substantially above the lowest offer, for the same type and character of service, and the bidders being of equal responsibility, this act alone would be potent evidence of arbitrary action. Here, however, the difference in the bids could not be more than $1,000, in an estimated expenditure of about $25,000 of the taxpayers' money. On its face, the bid of Schultz was lower than the bid of Williams but, in the light of past experience with Schultz, it is very doubtful indeed if the Schultz bid would be the lowest in the long run.

## Conclusions of law

The resolution awarding the contract to H. Calvin Williams was an exercise of discretion within the power of the school board, and was legal.

The prayer for an injunction should be denied.

The bill should be dismissed.

The plaintiffs should pay the costs.

## Decree nisi

And now, October 19, 1934, it is ordered, adjudged and decreed, that the prothonotary mark these findings of fact and conclusions of law, filed, to become a part of the record of the case, and enter the following decree nisi:

The bill is dismissed at the cost of the plaintiffs.

·Notice to be given by the prothonotary as required by the rules of equity practice, that unless exceptions shall be filed to this adjudication, within 10 days from this date, the decree nisi will become the final decree as of course.

From Aaron S. Swartz, Jr., Norristown.